IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VITO SIMONE AND GAIL SIMONE, | : |
|     Appellants, | : |
| v. | :  Civil Action No. GLR-12-1143 |
| DEBRA DONAHOO, | : |
|     Appellee. | : |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Appellants', Vito and Gail Simone, appeal from the March 21, 2012 Order of the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") concluding that their debt to Appellee, Debra Donahoo, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (2012).  For the reasons that follow, the Order will be affirmed in part and reversed in part.  This case will be remanded to the Bankruptcy Court for further proceedings and findings of fact regarding the dischargeability of the debt solely as to Mrs. Simone.

**I.   BACKGROUND**

Appellants Vito and Gail Simone ("Appellants" or "the Simones") were long-time friends of Appellee Debra Donahoo ("Appellee" or "Ms. Donahoo").  At the time of the relevant transaction, Mr. and Mrs. Simone held 100% interest in Simone Real Estate, LLC, and Mr. Simone was a member of Druid Lake

Partners, LLC ("DLP").  Ms. Donahoo was employed full-time as a legal assistant at an estates and trust law firm, and part-time at Simone Real Estate, LLC.

On the evening of April 27, 2006, Mr. and Mrs. Simone met Ms. Donahoo at the Simone's home to discuss funding for a DLP renovation project.  According to Ms. Donahoo, Mr. Simone asked that she travel to the Simone home to discuss an emergency situation that had arisen.  During the meeting, Mr. Simone described the DLP project, informed Ms. Donahoo that an investor had backed out that day, and claimed that if they did not produce another $50,000 for settlement the next day, the entire project would fall through.  That evening, Ms. Donahoo loaned the Simones $50,000 (the "Loan"), funded entirely by her home equity line of credit.  Mr. Simone directed Ms. Donahoo to make the check payable to Jerry S. Sopher, P.A., who was the settlement attorney handling the closing on the DLP project. Final settlement, however, did not occur until June 30, 2006.

According to Ms. Donahoo, the parties agreed that the Loan would be repaid quickly, with a maximum outstanding period of four months.  The Simones began repayment on the Loan in June 2006, with monthly payments of $1,000.  On February 19, 2007, ten months after Loan disbursement, Ms. Donahoo sent the Simones an email requesting their signature on a promissory note that evidenced the terms of the Loan.  The Simones continued to make

payments in accordance with that note until July 2008, but discontinued the payments due to financial hardship. By that time, they paid $26,000 towards the Loan.

After the Simones filed for bankruptcy, Ms. Donahoo filed a Complaint to Determine the Dischargeability of the Debt ("Complaint") on May 8, 2009, objecting to the debt's discharge on the basis of fraud, pursuant to 11 U.S.C. § 523(a)(2)(A). (See ECF No. 1-1). Specifically, the Complaint alleged that the Simones induced her to make the Loan by misrepresenting (1) its necessity, (2) Ms. Donahoo's ability to receive security for the Loan, and (3) their ability to repay the Loan within four months.

On December 14, 2010, the Bankruptcy Court conducted an evidentiary hearing and, on March 21, 2012, awarded Ms. Donahoo a non-dischargeable judgment against the Simones, jointly and severally, in the amount of $44,500, subject to statutory interest until paid. (See ECF No. 1-15). In its Memorandum in Support of Order Entering Judgment of Non-Dischargeability in Favor of Plaintiff ("Memorandum"), the Bankruptcy Court accepted as credible Ms. Donahoo's version of the facts and held that she established:

> (1) the Debtors made a false representation to Ms. Donahoo when they led her to believe that a crisis situation existed because their closing would not occur and that the closing must occur on the following day, (2) the Debtors had

3

>knowledge that their representation was false, (3) the Debtors made this representation with an intent to deceive Ms. Donahoo into believing that her financial assistance was needed urgently on a short-term basis, (4) Ms. Donahoo justifiably relied on the misrepresentation of a long-time friend who had experience in the real estate business, and (5) this misrepresentation was the proximate cause of Ms. Donahoo's damages.

(Bankr. Ct. Mem. at 6, ECF No. 1-14).  The Simones filed a timely appeal on March 30, 2012.  (See ECF No. 1).  On November 19, 2012, the Court requested additional briefing solely on the issue of dischargeability as to Mrs. Simone.  (See ECF No. 8).

## II.  DISCUSSION

### A.  Standard of Review

On appeal, the district court reviews a bankruptcy court's "findings of fact for clear error and questions of law *de novo*." Duncan v. Duncan (In re Duncan), 448 F.3d 725, 728 (4th Cir. 2006) (citation omitted).

Factual findings are clearly erroneous "only when the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'"  Citizens Bank of Md. v. Broyles (In re Broyles), 55 F.3d 980, 983 (4th Cir. 1995) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Boyuka v. White (In re White), 128 F.App'x 994, 999 (4th Cir. 2005) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).  Moreover, "due regard shall be

4

given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed.R.Bankr.P. 8013.  So long as the bankruptcy court's account of evidence is plausible, the district court may not reverse the decision simply because it would have weighed the evidence differently.  In re Broyles, 55 F.3d at 983 (citing Anderson, 470 U.S. at 573); McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1166 (4th Cir. 1997) (same).  If there are "two permissible views of evidence, the factfinder's choice between them cannot be clearly erroneous."  In re Weiss, 111 F.3d at 1166 (citing Anderson, 470 U.S. at 573-74).

The district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed.R.Bankr.P. 8013; see also In re White, 128 F.App'x at 999.

**B.   Analysis**

On appeal, the Simones aver that the Bankruptcy Court erred in finding their debt to Ms. Donahoo non-dischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A), because the Appellee failed to establish the first three elements of fraud.  The Simones also aver that the Bankruptcy Court's factual findings are clearly erroneous because they are unsupported, or contradicted, by the record.  Mr. and Mrs. Simone alternatively argue that the Bankruptcy Court erred in finding the debt non-dischargeable as

5

to Mrs. Simone because she did not make a representation to Ms. Donahoo at the Loan's inducement. This argument appears to be raised for the first time on appeal.

One central purpose of the Bankruptcy Code is to provide debtors with a "fresh start." Grogan v. Garner, 498 U.S. 279, 286-87 (1991). This new beginning, however, does not include the discharge of debts obtained by fraud. Id.; see also Cohen v. de la Cruz, 523 U.S. 213, 217 (1998) (citation omitted) (stating the bankruptcy code "has long prohibited debtors from discharging liabilities incurred on account of their fraud"). To that end, § 523(a)(2)(A) excepts from discharge debts for "money, property, [or] services" obtained by "false pretenses, a false representation, or actual fraud." To establish that a debt is non-dischargeable under this section, the creditor must prove five elements: (1) a false representation by the debtor; (2) knowledge that the representation was false; (3) intent to deceive; (4) justifiable reliance by the creditor on the representation; and (5) a showing that the representation was the proximate cause of the debtor's damages. Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 218 (4th Cir. 2007). The creditor must prove each of these elements by a preponderance of the evidence. Grogan, 498 U.S. at 287. Moreover, the pertinent inquiry in the matter involves the misrepresentations utilized to induce the Loan, "[l]ater

6

misrepresentations are irrelevant for purposes of determining dischargeability under Section 523(a)(2)(A)." Gulati v. McClendon (In re McClendon), 415 B.R. 170, 183 (Bankr. D.Md. 2009) (citation omitted).

Upon a comprehensive review of the record, the Court finds that the Bankruptcy Court did not err in finding the debt non-dischargeable as to Mr. Simone, but did err as to Mrs. Simone. The Court's analysis will focus only on Appellants' contention that Ms. Donahoo failed to prove the elements of knowledge and intent as to Mr. Simone, and the representation element as to Mrs. Simone.

### 1. Mr. Simone

The Court reviews the Bankruptcy Court's factual findings regarding Mr. Simone's knowledge and intent at the time of loan inducement under the clearly erroneous standard. In re Duncan, 448 F.3d at 728. Mr. Simone's "state of mind is a question of fact to be determined in the first instance by the bankruptcy court[,]" and that determination is subject to the Bankruptcy Court's witness credibility determination. Foley & Lardner v. Biondo (In re Biondo), 180 F.3d 126, 134 (4th Cir. 1999).

#### a. Knowledge that the Representations Were False

Appellants argue that the Bankruptcy Court clearly erred in finding that Mr. Simone created a false sense of urgency regarding the necessity of the funds when he had knowledge that

7

the project would not settle the day after the Loan. According to Appellants, the record shows that, at the time of loan inducement, Mr. Simone believed settlement would occur the next day.

The Bankruptcy Court, however, found that Mr. Simone knew the transaction would not close the following day and that he did not have sufficient funds for closing notwithstanding Ms. Donahoo's contribution. (Bankr. Ct. Mem. at 8). This finding is supported by Mr. Sopher's March 10, 2009 correspondence (Pl.'s Tr. Ex. 3, ECF No. 4-4) and the June 2008 e-mail exchange between the parties (Pl.'s Tr. Ex. 9, ECF No. 4-10). The finding is also subject to the Bankruptcy Court's credibility determination that Mr. and Mrs. Simone lacked candor before the court. (See Bankr. Ct. Mem. at 6). Indeed, the Bankruptcy Court found Ms. Donahoo to be "earnest and believable" and accepted as credible her version of the events. (Id.) There is nothing in the record to support the Appellants' contention that this finding is clearly erroneous. At best, the record may indicate two permissible views of the evidence, which does not equate to clear error. See In re Weiss, 111 F.3d at 1166 (citing Anderson, 470 U.S. at 573-74).

As a result, the Bankruptcy Court's factual finding that Mr. Simone manufactured an emergent situation to induce the Loan

8

when he knew the transaction would not close on April 28, 2006, is not clearly erroneous.

### b. Intent to Deceive

Appellants also argue that the Bankruptcy Court clearly erred in finding that Mr. Simone intended to deceive Ms. Donahoo because its determination is based upon five facts that fail to support a fraud finding. Specifically, the Bankruptcy Court concluded that the Simones (1) created a false emergency situation, (2) obtained commission in the amount of $46,066.86 at closing, (3) had an initial investment of only $5,000, (4) failed to repay the Loan with their refinancing funds, and (5) prepared a promissory note ten months after the Loan was made. (Appellants' Br. at 14-17).

A court may infer intent to deceive from the totality of the circumstances. See In re White, 128 F.App'x at 999; Guar. Residential Lending, Inc. v. Koep (In re Koep), 334 B.R. 364, 372 (Bankr. D.Md. 2005) (citation omitted). Courts will infer intent to deceive when a debtor knowingly misleads an investor regarding a material fact for his personal gain. In re White, 128 F.App'x at 998. A showing of reckless indifference to the truth is also sufficient to demonstrate the requisite intent to deceive. Id. Deference to a bankruptcy court is particularly appropriate on findings of intent, "because a determination concerning fraudulent intent depends largely upon an assessment

9

of the credibility and demeanor of the debtor." Id. at 999 (quoting Commerce Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134, 137 (1st Cir. 1992), abrogated on other grounds by Field v. Mans, 516 U.S. 59 (1995)).

Here, the Bankruptcy Court properly utilized its discretion in evaluating the totality of the circumstances to establish the requisite intent in this case. The record does not leave this Court with the definite and firm conviction that a mistake was made as to the intent determination. The Bankruptcy Court's finding that the intent was to "deceive Ms. Donahoo into believing that her financial assistance was needed urgently on a short-term basis" (Bankr. Ct. Mem. at 6) is supported by the record.

Accordingly, this Court affirms the Bankruptcy Court's determination that Mr. Simone obtained the Loan by fraud, thus rendering his debt to Ms. Donahoo non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**2.   Mrs. Simone**

The Bankruptcy Court's factual finding that Mrs. Simone made a false representation to Ms. Donahoo to induce her to make the Loan is also reviewed under the clearly erroneous standard.

Appellants aver that the Bankruptcy Court made an erroneous factual finding because Mrs. Simone made no representations to Ms. Donahoo to induce her to make the Loan. Moreover,

Appellants, relying upon the common law tort of fraud, argue that an affirmative representation is required to sustain an action under § 532(a)(2)(A).  Ms. Donahoo avers that a finding of fraud under this statute is subject to a broader interpretation and includes conduct, such as silence, that creates a false impression.  Ms. Donahoo argues that under this broader standard, the record amply supports the Bankruptcy Court's finding that Mrs. Simone is also liable for fraud.

The record clearly establishes that, at the inducement phase of the Loan, Mrs. Simone was present at the April 27, 2006 meeting.  (See Trial Tr. 15:407, Dec. 14, 2010, ECF No. 1-9).  The record also clearly establishes, however, that Mr. Simone made all of the affirmative representations to Ms. Donahoo at that meeting.  (See Trial Tr. 13:8-25, 14:1-10; Pl.'s Trial Ex. 9).  Conversely, there is no evidence in the record that Mrs. Simone made any affirmative representations.  Despite this lack of evidence, the Bankruptcy Court found "the Debtors made a false representation to Ms. Donahoo when they led her to believe that a crisis situation existed because their closing would not occur and that the closing must occur on the following day." (Bankr. Ct. Mem. at 6).  What is unclear from the record and Memorandum is the basis upon which the Bankruptcy Court imputed liability to Mrs. Simone.

The parties disagree on whether an affirmative representation is the only method by which fraud can be proven under § 523(a)(2)(A). Bankruptcy Courts in this circuit, however, have found that the "false pretenses, [] false representation, or actual fraud" required by the statute are not restricted to affirmative representations. See Dubois v. Lindsley (In re Lindsley), 388 B.R. 661, 669 (Bankr. D.Md. 2008) (stating a misrepresentation can include conduct that produces "a false or misleading impression of fact in the mind of another" and that an omission may also "constitute a misrepresentation where the circumstances are such that a failure to speak or act creates a false impression[]"); In re Grant, 237 B.R. 97, 113 (Bankr. E.D.Va. 1999) (citation omitted) ("This court has previously held that no overt misrepresentation is required under § 523(a)(2)(A); a misrepresentation regarding a material fact may be implied from one's silence."); Kendrick v. Pleasants (In re Pleasants), 231 B.R. 893, 897 (Bankr. E.D.Va. 1999) (citations omitted) ("A misrepresentation consists of any words or conduct, which produce a false or misleading impression of fact in the mind of another."; "An omission may constitute a misrepresentation where the circumstances are such that the omission creates a false impression, as section 523(a)(2)(A) does not require an overt misrepresentation.").

It is unclear whether the Bankruptcy Court determined that Mrs. Simone committed fraud by omission, or any other manner previously utilized in this circuit. In a footnote, the Bankruptcy Court notes that the schedules submitted by the Simones, and the promissory note submitted by Ms. Donahoo, show that the Loan is a joint obligation. (Bankr. Ct. Mem. at 10 n.8). Section 523(a)(2)(A), however, requires an inquiry into Mrs. Simone's conduct at the time of loan inducement. The uncertainty of the Bankruptcy Court's basis for imputing liability to Mrs. Simone, and the apparent presentment of this argument for the first time on appeal, warrants remand.

Accordingly, the Court remands this case to the Bankruptcy Court for further findings regarding the dischargeability of the debt as to Mrs. Simone.

### III. CONCLUSION

For the aforementioned reasons, the Bankruptcy Court's decision is AFFIRMED as to Mr. Simone, REVERSED as to Mrs. Simone, and REMANDED for further proceedings and findings of fact regarding the dischargeability of the debt as to Mrs. Simone. A separate Order will issue.

Entered this 29th day of January, 2013

 _____/s/_____
 George L. Russell, III
 United States District Judge